IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LSF6 MERCURY REO INVESTMENTS TRUST SERIES 2008-1,<br><br>Plaintiff,<br><br>v.<br><br>SARA J. TALBOT ELLERTSON, and DOES 1-10,<br><br>Defendants. | **REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND DEFENDANT'S MOTION TO STRIKE MOTION TO REMAND**<br><br>Case No: 2:10-CV-00640-CW-DN<br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

District Judge Clark Waddoups referred this case to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), calling for a report and recommendation for the proper resolution of dispositive matters.[1] This report and recommendation concerns Plaintiff's motion to remand to state court[2] and Defendant's motion to strike Plaintiff's motion to remand.[3] As discussed below, the magistrate judge recommends that Plaintiff's motion be GRANTED and the Defendant's motion be DENIED. The magistrate judge recommends that the case, including defendant's counterclaim, be remanded to the Fourth Judicial District Court of the State of Utah.

---

[1] Docket Text Order Referring Case to Magistrate Judge David Nuffer, docket no. 23, filed September. 7, 2010.

[2] Motion and Memorandum to Remand to State Court and Request to Deny Petition for Removal to Federal Court ("Motion to Remand"), docket no. 7, filed July 27, 2010.

[3] Motion to Strike the Motion to Remand to State Court and Request to Deny Petition for Removal to Federal Court ("Motion to Strike"), docket no. 18, filed August 13, 2010. This motion is an opposition to Plaintiff's Motion to Remand to State Court. *See Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992) (holding that a pro se pleading is not necessarily bound by the legal label offered by the pro se party).

# INTRODUCTION

Defendant Sara Ellertson (Ellertson) executed a Deed of Trust on the disputed property in 2005.[4] In 2009, Ellertson began to have concerns about the mortgage and apparently stopped making payments.[5] On December 17, 2009, Ellertson received a notice of default from Lincoln Title Insurance Agency (Lincoln).[6] This notice informed Ellertson that the property would be sold in a trustee sale.[7] That sale occurred on April 29, 2010.[8]

Ellertson claims she sold the property to Steven Fritts and Brenda Burton on April 28, 2010.[9] LSF6 Mercury REO Investments Trust Series 2008-1 (Mercury) claims it bought the property in a trustee's sale on April 29, 2010 and demanded that Ellertson vacate the property.[10] Ellertson did not leave and a notice of eviction was served on May 25, 2010.[11] Ellertson stayed on the property and Mercury filed an unlawful detainer suit in Utah court on June 4, 2010.[12] Ellertson filed her petition to remove this case to federal court[13] on July 13, 2010.

In her petition for removal, Ellertson argues that this court has both diversity and federal question jurisdiction of Mercury's claims. Ellertson claims that Mercury "do[es] not have a

---

[4] Petition (Motion) to Remove Civil Case 100500266 to Federal Court ("Petition for Removal") at 3, docket no. 1, filed July 13, 2010.

[5] Petition for Removal at 3; Answer to the Summons and Complaint ("Answer") at 3, docket no. 3, filed July 13, 2010. Ellertson does not explicitly admit that she stopped making payments, but does claim that she was entitled to do so. Petition for Removal at 3; Answer at 3. Because the property was foreclosed, it appears that Ellertson did stop making payments.

[6] Answer at 4.

[7] *Id.* at 5.

[8] *Id*.

[9] *Id.*

[10] Eviction Complaint at 2, docket no. 1, ex. 1, filed July 13, 2010.

[11] *Id.*

[12] *Id.* at 4.

[13] Petition for Removal.

business license in the state of Utah".[14] Ellertson also argues (without factual support) that the parties are from "different states"[15] and that the disputed property is worth more than $75,000, conferring diversity jurisdiction.[16] In addition, Ellertson argues that her counterclaims arise under the Racketeering Influenced and Corrupt Organizations Act, the Truth in Lending Act, the Fair Debt Collections Practices Act, the Real Estate Procedures and Practices Act, the Uniform Commercial Code, and the United States Constitution.[17]

## DISCUSSION

Ellertson argues that this case is removable because this court has both diversity and federal question jurisdiction. For the reasons below, the notice of removal is insufficient and the case should be remanded to state court.

### Ellertson Does Not Adequately Assert Complete Diversity of Citizenship

The requirements for a federal court to claim diversity jurisdiction are set forth in 28 U.S.C. §1332. In order for a court to claim diversity jurisdiction, there must be complete diversity of citizenship and the amount in controversy must exceed $75,000.[18] Complete diversity of citizenship is destroyed if any plaintiff is a citizen of the same state as any defendant.[19]

A party seeking to remove a case to federal court must set forth the facts supporting federal jurisdiction.[20] A conclusory allegation of diversity jurisdiction is not enough: the party

---

[14] Motion to Strike at 3.

[15] Petition for Removal at 2-3.

[16] *Id.* at 6.

[17] *Id.* at 7-8.

[18] 28 U.S.C. § 1332; *see also Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381 (1998).

[19] *Schacht*, 524 U.S. at 388.

[20] *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

seeking the federal forum must allege specific facts that support diversity jurisdiction.[21] These facts must include the citizenship of all parties.[22] If the pleadings do not state the citizenship of every party, the court may consult the record to determine whether diversity jurisdiction exists.[23] Nothing appears of record to support Ellertson's assertion of diversity by identifying the citizenship of Mercury. The burden to prove jurisdiction is on the party seeking the federal forum.[24]

Ellertson's blanket assertion that Mercury is not a citizen of Utah is not supported. In order to prove diversity jurisdiction, Ellertson must plainly state the citizenship of all parties.[25] Since Ellertson did not do that, the notice of removal is insufficient.

## The Complaint Does Not Allege $75,000 In Damages

Diversity jurisdiction also requires that the amount in controversy exceed $75,000.[26] The amount in controversy is generally determined by the face of the plaintiff's complaint or the allegations in the petition for removal, unaided by the defendant's answer.[27] The amount in controversy is determined at the time of the complaint or, if applicable, the filing of the notice of removal.[28] Installment payments that accrue after the removal petition do not count toward the amount in controversy requirement.[29]

---

[21] *Id.*

[22] *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001).

[23] *Penteco*, 929 F.2d at 1521.

[24] *McNutt v, Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

[25] *Rice*, 260 F.3d at 1245.

[26] 28 U.S.C. §1332(a).

[27] *Bowman v. Iowa State Travelers Mut. Assurance Co.*, 449 F. Supp 60, 62 (E.D. Okla. 1978).

[28] *Id.*

[29] *See id.* & n.1. *See also Strickland Transp. Co. v. Navajo Freight Lines, Inc.*, 199 F. Supp 108, 109 (N.D. Tex. 1961).

The total damages claimed by Mercury are listed below. Since the notice of removal was filed on July 13, 2010, all daily accruals are computed through July 13.

- $135.00 per day for unlawful detainer, starting June 1 and running through July 13.[30] Over 43 days, this amounts to $5,805.00.
- $1,440.00 for the reasonable rental value of the property from April 29, 2010 through May 30, 2010.[31]
- Attorney fees of at least $250.00, with more requested if the matter is contested.[32]
- Unspecified court costs and compensation for any possible waste or damage committed on the property.[33]

The total damages requested by Mercury amount to $7,495.00 plus additional attorney fees, court costs, and any damages to the property. In order for this case to meet the amount in controversy requirement, those additional amounts would have to exceed $67,505.00. The Tenth Circuit has held that "sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor".[34] There are simply no allegations in the complaint to suggest that Mercury's damages could come anywhere close to $75,000. Indeed, there are no allegations in the complaint to suggest that there could be *any* significant damages beyond the $7,495.00 specifically claimed by Mercury.

Ellertson argues that the property is worth more than $75,000 and that the dispute is really about who has proper title to the property.[35] This argument is misguided. The complaint filed in state court assumes that Mercury has title to the property. Mercury does not seek title to the property in the complaint. Ellertson may disagree with Mercury's claim to title, but title is

---

[30] Eviction Complaint at 2.

[31] *Id.*

[32] *Id.* at 3.

[33] *Id.* at 4.

[34] *Gibson v. Jeffers,* 478 F.2d 216, 221 (10th Cir. 1973).

[35] Petition for Removal at 6.

not in question on the face of Mercury's complaint. Since the damages claimed on the face of the complaint govern the amount in controversy requirement,[36] this argument fails.

### Mercury's Complaint Does Not Arise Under Federal Law

Ellertson argues that Mercury's complaint arises under numerous federal laws, including the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practices Act.[37] While Ellertson intends to use these laws as defenses to the eviction claim or as the basis for a counterclaim,[38] this is insufficient to give this court federal question jurisdiction.

In determining whether federal question jurisdiction exists, the court examines the *plaintiff's* theory of recovery.[39] If an element of that theory is a right conferred by federal law, federal question jurisdiction is present.[40] That theory must be present on the face of the complaint.[41] "It is beyond argument that a defense predicated upon federal law is not enough by itself to confer federal jurisdiction, even though the defense is certain to arise."[42]

In this case, Mercury's theory of recovery is that Ellertson refuses to leave the property despite Mercury's title to the land and demand that she leave. Eviction is a state cause of action and Mercury bases the complaint on a right granted under the Utah Code.[43] The violations of federal law alleged by Ellertson may be defenses to that action, but the action itself is purely a demand for relief under state law.

---

[36] *Bowman*, 449 F. Supp at 62.

[37] Petition for Removal at 6-7.

[38] Counterclaim/Third Party Claim (Counterclaim), docket no. 5, filed July 21, 2010.

[39] *See Madsen v. Prudential Fed. Sav. & Loan Ass'n*, 635 F.2d 797, 800-801 (10th Cir. 1980).

[40] *Gully v. First Nat. Bank*, 299 U.S. 109, 112 (1936).

[41] *Id.* at 113.

[42] *Madsen*, 635 F.2d at 800-01.

[43] Utah Code Ann. (1953) § 78B-6-802.5.

## Ellertson's Counterclaim Does Not Create
## the Original Jurisdiction Required to Support Removal

Ellertson's counterclaim contains several causes of action based on federal law.[44] Ellertson argues that the causes of action in the counterclaim involve the interpretation of federal laws and the court therefore has federal question jurisdiction. However, the Supreme Court[45] and Tenth Circuit[46] have held that allegations in a counterclaim are never enough to grant federal question jurisdiction over the original action. Unless the federal issue appears on the face of the plaintiff's complaint, there is no federal question jurisdiction.

Similarly, the damages alleged in Ellertson's counterclaim cannot be the basis for the amount in controversy required by 28 U.S.C. §1332(a). The Tenth Circuit has held that *compulsory* counterclaims required under state law may be used to meet the amount in controversy requirement for diversity jurisdiction.[47] Ellertson's counterclaim is against a plaintiff alleging unlawful detainer. This sort of counterclaim is permitted, but is not required, under Utah law.[48] This makes the counterclaim a permissive counterclaim, which means that the counterclaim cannot be used to satisfy the amount in controversy requirement.

---

[44] *See generally* Counterclaim. There are also many causes of action grounded in state law.

[45] *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002).

[46] *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

[47] *Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241, 12445 n.2 (10th Cir. 1996).

[48] *Bichler v. DEI Sys., Inc.*, 220 P.3d 1203, 1210 (Utah 2009).

**RECOMMENDATION**

The Motion to Remand to State Court[49] should be GRANTED. The Motion to Strike the Motion to Remand to State Court[50] should be DENIED. This case, including Defendant's counterclaim, should be REMANDED to the Fourth Judicial District Court of the State of Utah.

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have fourteen days after being served to serve and file written objections to this Report and Recommendation.[51] The District Judge will make a de novo determination of the specific objections by the parties. The District Judge may accept, reject, or modify this Report and Recommendation in whole or in part. Further, the District Judge may also receive additional evidence on the matter or recommit the matter to the Magistrate Judge with instructions.

Dated December 14, 2010.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[49] Motion to Remand to State Court, docket no. 7, filed July 27, 2010.

[50] Motion to Strike Motion to Remand to State Court, docket no. 18, filed August 13, 2010.

[51] 28 U.S.C. § 636(b)(1)(B) (2010).